**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: March 24 2011

_____
Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.: 10-34826 |
| | ) | |
| Douglas V. Rains and | ) | Chapter 7 |
| Daphne L. Rains, | ) | |
| | ) | Adv. Pro. No. 10-3385 |
| Debtors. | ) | |
| | ) | Hon. Mary Ann Whipple |
| Daphne Rains, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Dr. Auto Care LLC, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### DENYING MOTION TO DISMISS

     This adversary proceeding is before the court on Defendant's Motion to Dismiss ("Motion") [Doc. # 5] and Plaintiff's response [Doc. # 6]. Plaintiff, a debtor in the underlying Chapter 7 case, brought this adversary proceeding to recover for Defendant's alleged willful violation of the automatic stay. For the following reasons, Defendant's motion will be denied.

## BACKGROUND

The following facts are alleged in Plaintiff's complaint. Defendant was awarded a judgment against Plaintiff in the Bowling Green Municipal Court in April 2009. [Doc. # 1, Complaint, ¶ 2]. In November 2009, Plaintiff was ordered to appear at a debtor's exam in the Bowling Green Municipal Court to answer Defendant's question about her assets. Plaintiff did not appear. [*Id.* at ¶ 3]. In January 2010, Defendant requested a bench warrant be issued by the state court for Plaintiff's failure to appear at the debtor's exam. [*Id.* at ¶ 4].

On July 15, 2010, Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code. [*Id.* at ¶ 5]. On July 18, 2010, notice of the petition was mailed by first class mail to Defendant. The notice was not returned. [*Id.* at ¶ 6].

On October 12, 2010, Wood County Sheriff Deputies arrested Plaintiff in her home while caring for her three-week old baby. [*Id.* at ¶ 7]. On that date, Plaintiff appeared in Bowling Green Municipal Court and informed the court and Defendant, through its counsel, that she filed a Chapter 7 bankruptcy petition in July. [*Id.* at ¶ 8]. On October 12, 2010, Defendant demanded payment on its state court judgment and asked Plaintiff to propose a payment arrangement. [*Id.* at ¶ 9]. Also on that date, Defendant scheduled a second debtor's exam to be held on October 21, 2010. [*Id.* at ¶ 10]. On October 19, 2010, Plaintiff filed a Notice of Bankruptcy Filing with the Bowling Green Municipal Court and the court stayed further proceedings in state court. [*Id.* at ¶ 11].

Plaintiff alleges Defendant willfully violated the automatic stay by failing to recall the bench warrant or by actively requesting the execution of the warrant, by demanding payment for the prepetition obligation after being informed that Plaintiff had filed a bankruptcy petition, and by requesting that the Bowling Green Municipal Court order Plaintiff to appear at a subsequent debtor's exam and that she suffered damages as a result thereof. [*Id*. ¶¶ 15-18].

## LAW AND ANALYSIS

Defendant's Motion is brought under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) provides that a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In deciding a Rule 12(b)(6) motion to dismiss, "the court must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and determine whether the complaint 'contains enough facts to state a claim to relief that is plausible on its face.'" *United States v. Ford Motor*

*Co.*, 532 F.3d 496, 502 (6th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While Rule 8(a)(2) does not require a complaint to set out detailed factual allegations, "conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). Rather, "to survive a motion to dismiss, the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Id.*

Defendant advances several arguments in support of its motion to dismiss. First, it argues that Plaintiff fails to allege any action taken by Defendant to collect on its judgment from the time Plaintiff filed her bankruptcy petition to October 12, 2010, when she was arrested on the bench warrant. Second, it argues that the Complaint fails to allege that Plaintiff notified the Bowling Green Municipal Court or Defendant's attorney that she had filed a bankruptcy petition. Third, Defendant argues that the bench warrant was not a collection action that it had taken but, rather, was the result of Debtor's contemptuous action in failing to appear for a debtor's exam. According to Defendant, it could not withdraw the bench warrant since it was issued not by Defendant but by the state court. And finally, Defendant argues that contempt actions are of a criminal nature and, as such, are not protected by the automatic stay. For the following reasons, the court finds each of Defendants arguments not well taken.

The filing of a bankruptcy petition operates as a stay of "the commencement *or continuation* . . . of a judicial, administrative, or other action or proceeding against the debtor that was . . . commenced before the commencement of the case under this title." 11 U.S.C. § 362(a)(1) (emphasis added). Based on the language of § 362(a)(1), courts have found it incumbent upon creditors to take the necessary steps to halt or reverse any pending state court actions or other collection efforts commenced before the bankruptcy petition was filed. *See Hardesty v. Chase (In re Hardesty)*, 442 B.R. 110, 114-15 (Bankr. N.D. Ohio 2010); *Eskanos & Adler, P.C., v. Leetien,* 309 F.3d 1210, 1215 (9th Cir.2002) (finding that § 362(a)(1) imposes on a creditor an affirmative duty to discontinue its postpetition collection actions); *In re McCall-Pruitt*, 281 B.R. 910, 911 (Bankr. E.D. Mich. 2002) ("creditor's failure to halt collection proceedings after a petition is filed violates the automatic stay"); *Miller v. Savings Bank of Baltimore (In re Miller)*, 22 B.R. 479, 481 (D.C. Md. 1982) ("The courts have been quick to realize that creditor inaction can often be as disruptive to the debtor as affirmative collection efforts."). Once a creditor receives notice of the bankruptcy filing,

3

it is the responsibility of the creditor, not the debtor, to ensure that the stay is not violated by notifying the court in which the collection action was commenced. *See In re Johnson*, 253 B.R. 857, 861 (Bankr. S.D. Ohio 2000); *In re McCall-Pruitt*, 281 B.R. at 912.

Thus, Defendant's arguments – that Plaintiff has failed to state a claim for relief under § 362(a) because she has not alleged any postpetition act by Defendant to collect on its judgment and has not alleged that she had notified the Bowling Green Municipal Court of the filing of her bankruptcy petition before execution of the bench warrant – fail to recognize a creditor's responsibilities as discussed above. Moreover, in her Complaint, Plaintiff not only alleges facts from which Defendant's failure to request withdrawal of the bench warrant can be inferred, but also alleges that Defendant actively requested postpetition execution of the warrant, made a postpetition demand for payment of the state court judgment, and scheduled a postpetition debtor's exam, all of which, if true, may constitute violations of the automatic stay.

Defendant also argues that the bench warrant was not a collection action that it had taken but, rather, was the result of Debtor's contemptuous action in failing to appear for a debtor's exam and that it could not withdraw the bench warrant since it was issued not by Defendant but by the state court. The court notes, however, that Plaintiff alleges in her complaint that Defendant requested that the bench warrant be issued for failing to appear at the debtor's examination. If true, a reasonable inference is that the bench warrant was the result of Defendant's action in furtherance of its attempt to collect its judgment.

Moreover, courts have rejected creditors' attempts to shift the blame to others by arguing a lack of control over the situation that resulted in a stay violation. In *Hardesty*, a creditor failed to take any steps after the debtor filed a Chapter 7 petition to vacate or stay an Order of Sale With Appraisal entered in a foreclosure action it had commenced prepetition before three individuals charged with conducting an appraisal inspected the property that was subject to the foreclosure action. *Hardesty*, 442 B.R. at 112. The court rejected the creditor's argument that no liability should exist on its part because the appraisers were acting independently, and it had no control over their actions. *Id.* at 113-14. The court held that "[o]nce a creditor commences legal proceedings, it cannot disown all responsibility for actions taken by other parties in furtherance of the action. To hold otherwise, would place a large hole in the reach afforded by § 362(a), which was intended by Congress to offer broad protections to the debtor and the bankruptcy estate." *Hardesty*, 442 B.R. at 115; *See also In re Johnson*, 262 B.R. 831, 847 (Bankr. D. Idaho 2001) ("creditors and their counsel are not allowed to sit by and watch the litigation they have commenced proceed by shifting

responsibility to local authorities charged with collecting judgments obtained through their efforts.").

In *In re Daniels,* 316 B.R. 342 (Bankr. D. Idaho 2004), the court addressed facts similar to those presented in this case. A judgment creditor who, despite having notice of the debtor's Chapter 7 filing, took no steps to obtain a withdrawal of a prepetition bench warrant that was issued for the debtor's arrest based on his failure to comply with a state court order directing him to produce certain financial information to the creditor. *Id.* at 345-46. The court rejected the creditor's argument that because it was the state court that issued the bench warrant, only the state court could quash the warrant.

> Creditor initiated the process that culminated in the state court issuing a warrant for Debtor's arrest. Creditor filed the state court collection action against Debtor and secured a money judgment against him. Creditor followed up with post-judgment collection proceedings. Specifically, when Creditor's judgment against Debtor went unpaid, Creditor sought information about Debtor's financial affairs. Understandably, copies of Debtor's tax documents would have been helpful to Creditor to garnish Debtor's wages or seize his assets. But when Debtor failed to produce some of the requested information, Creditor asked the state court to put Debtor in jail. It was Creditor that sought entry of a warrant for Debtor's arrest, even to the point of drafting the arrest warrant. In other words, this entire scenario was created, produced and directed by Creditor, not the state court.
> . . . .
> Creditor's use of the state court contempt proceedings was in furtherance of its collection action. And even though the arrest warrant was issued prebankruptcy, maintenance of that collection action in the form of the potential enforcement of the arrest warrant was prohibited by operation of the automatic stay once the bankruptcy case was commenced.

*Id.* at 348-49. The court concluded that the creditor's failure to take affirmative action to withdraw the warrant after it learned of the debtor's bankruptcy filing constituted a violation of the automatic stay. *Id.* at 350; *see Galmore v. Dykstra (In re Galmore)*, 390 B.R. 901 (Bankr. N.D. Ind. 2008) (finding that the creditor's "failure to take action to seek to 'recall' the [state court's] bench warrant violated 11 U.S.C. § 362(a)(1), 362(a)(2), and 362(a)(6)").

Finally, the court addresses Defendant's argument that Plaintiff has failed to state a claim upon which relief can be granted because the bench warrant was issued due to Plaintiff's contemptuous act in failing to appear at the debtor's examination, and contempt actions are criminal actions not protected by the automatic stay. While it is true that § 362 excepts from the automatic stay the "commencement or continuation of a criminal action or proceeding against the debtor," 11 U.S.C. § 362(b)(1), not all contempt proceedings are criminal in nature.

5

In Ohio, the distinction between civil and criminal contempt is based on the character and purpose of the contempt sanctions. "Civil contempt is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." *Pedone v. Pedone*, 11 Ohio App. 3d 164, 165 (1983). The punishment is remedial in nature to obtain compliance with a court order for the benefit of the complainant. *State ex rel. Henneke v. Davis*, 66 Ohio St. 3d 119, 120 (1993). By contrast, criminal contempt sanctions are punitive in nature, designed to vindicate the authority of the court. *State ex rel. Corn v. Russo*, 90 Ohio St. 3d 551, 555 (2001).

In this case, Plaintiff alleges that the bench warrant was issued at the request of Defendant due to Plaintiff's failure to appear at a debtor's exam after Defendant had obtained a judgment against her. These facts allow the court to draw the reasonable inference that the bench warrant was for civil contempt. *See Galmore*, 390 B.R. at 914 (in finding bench warrant was civil in nature, considering fact that creditor requested that the bench warrant be issued and that it was issued as a result of the debtor's failure to appear at a debtor's exam); *Nicolazzo v. Yoingco*, 149 Ohio Misc. 2d 44, 50 (Ohio Com. Pl. 2007) (characterizing bench warrant for failure to appear at debtor examination as a civil contempt bench warrant).

For the foregoing reasons, the court finds the allegations in Plaintiff's Complaint sufficient to state a claim for relief under 11 U.S.C. § 362(k).

**THEREFORE**, good cause appearing,

**IT IS ORDERED** that Defendant's Motion to Dismiss [Doc. # 5] be, and hereby is, **DENIED.**